UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VON STAICH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA BOARD OF PAROLE HEARINGS, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1182 JAM DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis ("IFP") with an action under 42 U.S.C. § 1983. Before the court are: (1) defendants' motion to revoke plaintiff's IFP status on the grounds that the dismissals of at least three prior actions filed by plaintiff qualify as "strikes" against him pursuant to 28 U.S.C. § 1915(g), and (2) defendants' motion to dismiss on the grounds that plaintiff fails to state a claim for injunctive relief. For the reasons set out below, this court recommends denial of defendants' motions.

## BACKGROUND

In his first amended complaint filed June 1, 2015, plaintiff names defendants Jeffrey Ferguson, the Commissioner of the California Board of Parole Hearings ("BPH"), and Raquel Fassnacht, a Deputy Commissioner of the BPH. Plaintiff alleges that defendants considered inappropriate information in scheduling his next parole hearing five years out, defendants failed

to provide plaintiff a fair parole hearing when they relied on confidential information that plaintiff was not permitted to rebut, defendants failed to provide plaintiff an appropriate hearing under state law, and defendants held an unauthorized hearing after plaintiff had been found suitable for parole. (ECF No. 8 at 1-24.) Plaintiff seeks only injunctive relief in the form of an order requiring defendants to provide him a new parole hearing with numerous restrictions. (Id. at 25-27.)

On May 12, 2016, the court granted plaintiff's motion to proceed IFP. (ECF No. 9.) On December 14, 2016, defendants moved to revoke plaintiff's IFP status and to dismiss the complaint. (ECF No. 25.) On January 3, 2017, plaintiff moved for "summary adjudication." (ECF No. 28.) The court granted defendants request to delay their response to that motion until after resolution of the pending motions to revoke IFP and to dismiss. (ECF No. 33.)

## MOTION TO REVOKE IFP

**I.   In Forma Pauperis Statute**

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act ("PLRA"). The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits. Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has previously brought three frivolous actions or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).

Section 1915(g) should be used to deny a prisoner's IFP status "only when, after careful evaluation of the order dismissing [each] action, and other relevant information, the district court determines that [each] action was dismissed because it was frivolous, malicious or failed to state a

claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005); see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the reasons underlying it."). A dismissal qualifies as a strike only where the entire action was dismissed for a qualifying reason under the PLRA. Washington v. Los Angeles Cnty. Sheriff's Dep't, 833 F.3d 1048, 1055, 1057 (9th Cir. 2016) (citing Andrews v. Cervantes, 493 F.3d 1047, 1054 (9th Cir. 2007)).

This "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding IFP unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d at 1052. To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews v. Cervantes, 493 F.3d at 1055.

Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Andrews v. King, 398 F.3d at 1120 (quoting § 1915(g)). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under 28 U.S.C. § 1915(g). Id.

**II. Analysis**

**A. Has Plaintiff Accrued Three Strikes?**

Defendants contend the following cases count as strikes for purposes of § 1915(g): (1) Von Staich v. Atwood, No. 2:11-cv-1112-DDP-RNB (C.D. Cal.); (2) Von Staich v. Atwood, No. 2:11-cv-2194 WBS CKD (E.D. Cal.); (3) Von Staich v. Armstrong, No. 8:13-cv-0675-UA-RNB (C.D. Cal.); and (4) two appeals dismissed based on the pre-filing order in In re Ivan Von Staich, No. 09-80084 (9th Cir.).

3

Defendants argue the doctrine of collateral estoppel prevents plaintiff from challenging the determination that the first three cases listed above qualify as strikes. In <u>Von Staich v. Calif. Men's Colony-East Medical Doctors</u>,[1] No. 2:13-cv-7625-UA-RNB (C.D. Cal.) (order filed Oct. 16, 2013), the district court found that the first three cases were strikes, found that plaintiff failed to allege he was in imminent danger of serious physical injury, and denied plaintiff leave to proceed in forma pauperis in that case. (<u>See</u> Ex. 4 to Mot. to Revoke at RJN 543-550[2] (ECF No. 25-3 at 265-272).) The district court in that case did not explain the basis for its findings that the first three cases listed above counted as strikes.

In 2016, the Ninth Circuit Court of Appeals issued two decisions which significantly clarified the law governing the determination of whether a prior dismissal constitutes a strike. <u>See</u> <u>Washington</u>, 833 F.3d 1048; <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036 (9th Cir. 2016). As set forth below, those decisions impact the determination of whether the dismissals of <u>Von Staich v. Atwood</u>, No. 2:11-cv-1112-DDP-RNB (C.D. Cal.) and <u>Von Staich v. Armstrong</u>, No. 8:13-cv-0675-UA-RNB (C.D. Cal.) qualify as strikes. Because these Ninth Circuit cases were not available when the Central District court rendered its 2013 decision finding the dismissals of three cases qualified as strikes, this court will not apply the doctrine of collateral estoppel. <u>See</u> <u>Bobby v. Bies</u>, 556 U.S. 825, 834 (2009) ("[E]ven where the core requirements of issue preclusion are met, an exception to the general rule may apply when a 'change in [the] applicable legal context' intervenes.")

**1. <u>Von Staich v. Atwood</u>, No. 2:11-cv-1112-DDP-RNB (C.D. Cal.)**

**a. Background**

Plaintiff filed this action in February 2011 in the Central District of California. (<u>See</u> Ex. 1 to Mtn. to Revoke at RJN 7-120 (ECF No. 25-2 at 2-115).) In his complaint, plaintiff sought relief against defendant Richard Atwood, a psychologist with the BPH. Plaintiff alleged Atwood

---

[1] In its orders, the Central District court refers to this case as <u>Von Staich v. Pido</u>. (<u>See</u> ECF No. 25-3 at 265, 269.)

[2] Defendants provided consecutive pagination for the exhibits to their motion to revoke. The pages are identified by the notation "RJN." The court also cites to the pagination used in the Electronic Court Filing system ("ECF") where it is legible.

4

violated his due process rights when Atwood conducted a future risk assessment of plaintiff without authority to do so and when Atwood made unsupported factual assumptions in determining plaintiff was a "moderate to high" risk if released on parole. Plaintiff sought a declaration that Atwood deliberately violated his due process rights, an injunction preventing the BPH from considering the psychological report authored by Atwood at plaintiff's upcoming parole hearings and removing it from plaintiff's prison files, an order referring Atwood to the district attorney's office for criminal prosecution, an order referring Atwood to the state licensing board for violation of state laws, and compensatory and punitive damages. (Id. at RJN 32-34; ECF 27-29.)

On February 22, 2011, a magistrate judge found plaintiff failed to state a claim for monetary damages against Atwood in his official capacity, that Atwood had quasi-judicial immunity from damages liability in his individual capacity, and that plaintiff failed to state a claim for injunctive relief against Atwood. (Id. at RJN 124-126; ECF 119-121.) The magistrate judge recommend dismissal of the action, noting that even if plaintiff were to add the BPH as a defendant, he would also be unable to state a claim for injunctive relief against it. (Id. at RJN 126 n.2; ECF 121 n.2.)

The district judge adopted the report and recommendation on July 26, 2011 and the action was dismissed with prejudice. (Id. at RJN 128-129; ECF 123-124.) It does not appear that plaintiff appealed.

### b. Was this Dismissal a Strike?

The Central District court addressed the complaint based on the relief plaintiff sought and made three holdings. First, the court found plaintiff failed to state claims for monetary damages against Atwood in his official capacity because Atwood was protected by Eleventh Amendment immunity from suit. (Id. at RJN 124; ECF 119.) Second, the court found Atwood had quasi-judicial immunity from damages liability in his individual capacity. (Id. at RJN 125-126; ECF 120-121.) Third, the court found plaintiff failed to state claims for injunctive relief. (Id. at RJN 126; ECF 121.)

////

5

The dismissal of the claims for injunctive relief falls within the "fail to state a claim upon which relief may be granted" provision of § 1915(g). However, immunity from suit is not one of the bases under § 1915(g) to find a strike. Under § 1915A(b), a court may dismiss a complaint if it either "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." The three-strikes provisions of § 1915(g) define only complaints dismissed under the first provision as those that may be counted as strikes. See Finley v. Gonzales, No. 1:08-cv-0075-LJO-DLB PC, 2009 WL 2581357, at *3 (E.D. Cal. Aug. 20, 2009) (dismissal on the grounds that state officials may not be sued in their official capacity for money damages does not qualify as a strike under §1915(g)), report and reco. adopted, 2009 WL 3816907 (E.D. Cal. Nov. 13, 2009). As the court noted in Finley, the statute clearly omits dismissal on the grounds of immunity from the definition of dismissals that count as strikes.

Cases that have counted a dismissal based on immunity as a strike held otherwise have not analyzed the issue. See Reberger v. Baker, 657 Fed. App'x 681 (9th Cir. Aug. 9, 2016) (strike found where dismissal based on the affirmative defense of qualified immunity which was apparent from the face of the complaint); Johnson v. White, No. 1:16-cv-0710-LJO-SAB (PC), 2017 WL 1533519, at *2 (E.D. Cal. Apr. 6, 2017) (action dismissed because Supreme Court clerks entitled to absolute immunity from suit; this counts as a strike), report and reco. adopted, 2017 WL 1513717 (E.D. Cal. Apr. 17, 2017). Judges who have considered the issue appear to have consistently concluded, as the court in Finley did, that a dismissal based on immunity is not a strike. See Perkins v. Lora, No. 11-10794, 2011 WL 1790460, at *2 (E.D. Mich. May 10, 2011) (citing Finley and collecting cases).

Defendant argues that a dismissal with prejudice based on immunity does qualify as a strike. (See Mot. to Revoke at 6-7 (ECF No. 25 at 12-13).) Defendant cites only El-Shaddai, 833 F.3d at 1043 n.3, for this proposition and it is not on point. In note 3, the Ninth Circuit stated that "[a]n alternative ground for dismissal can create a strike when it is 'a fully sufficient condition . . . for a dismissal with prejudice.'" 833 F.3d at 1043 n. 3 (quoting O'Neal v. Price, 531 F.3d 1146, 1156 (9th Cir. 2008)). This is simply a statement that where a court finds

alternative reasons for dismissing a case, and where one of those reasons is enumerated in § 1915(g) and encompasses the entire case, that dismissal may be a strike.  The court in El-Shaddai did not address in any way the question of whether a dismissal based on immunity qualifies as a strike.

The dismissal of a complaint only constitutes a strike if the entire complaint was dismissed for a qualifying reason.  See Washington, 833 F.3d at 1055, 1057.  The court in Von Staich v. Atwood, No. 2:11-cv-1112-DDP-RNB (C.D. Cal.) dismissed the claims for injunctive relief for a qualifying reasons but dismissed the claims for damages for non-qualifying reasons.  Therefore, this case should not count as a strike under § 1915(g).

### 2. Von Staich v. Atwood, No. 2:11-cv-2194 WBS CKD (E.D. Cal.)

The complaint in this case appears to be identical to the complaint in the prior case.  (Ex. 2 to Mot. to Revoke (ECF No. 25-2) at RJN 131-271.)  In fact, plaintiff filed it less than a month after his Central District case was dismissed with prejudice.  On the basis that it was duplicative, the magistrate judge recommended dismissal and the case was dismissed.  (Id. at RJN 272-278.)

Defendants argue that the filing of an identical suit after dismissal with prejudice of a prior suit is frivolous within the meaning of § 1915(g).  In Cato v. United States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995), the court, construing former § 1915(d), noted that a prisoner complaint that "merely repeats pending or previously litigated claims" may be considered frivolous.[3]  See also Schwartzmiller v. Rodriguez, No. 3:17-cv-0538-JAH-PCL, 2017 WL 2230186, at *6 (S.D. Cal. May 22, 2017) (duplicative action dismissed under §1915A(b)(1)[4] with citation to Cato); James v. Lee, No. 3:16-cv-1592-AJB-JLB, 2017 WL 1336944, at *2 (S.D. Cal. Apr. 7, 2017) (same);

Some courts in this district have held that actions dismissed as duplicative are frivolous and thus count as strikes under § 1915(g).  See Anderson v. McIntrny, No. 2:14-cv-0011 MCE

---

[3] Former §1915(d) stated:  "The court may . . . dismiss the case . . . if satisfied that the action is frivolous or malicious."

[4] Section 1915A(b)(1) permits dismissal on screening for a complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

CKD P, 2015 WL 1184036, at *3 (E.D. Cal. Mar. 13, 2015); Turner v. Gibson, No. 1:13-cv-1612 LJO GSA PC, 2013 WL 5587391, at *1 (E.D. Cal. Oct. 10, 2013). A duplicative filing has been held not to count as a strike where the second case was filed in error. See Chappell v. Pliler, No. S-04-1183 LKK DAD P, 2006 WL 3780914, at *3 (E.D. Cal. Dec. 21, 2006) (plaintiff explains that second action filed in error so dismissal of that second, duplicative action not a strike), report and reco. adopted, 2007 WL 224598 (E.D. Cal. Jan. 26, 2007). This court finds plaintiff's filing of this action shortly after the denial *with prejudice* of a prior identical action was frivolous. The dismissal of Von Staich v. Atwood, No. 2:11-cv-2194 WBS CKD (E.D. Cal.) should count as a strike.

### 3. Von Staich v. Armstrong, No. 8:13-cv-0675-UA-RNB (C.D. Cal.)

#### a. Background

Plaintiff filed this action against Orange County Deputy District Attorney Ray Armstrong. (Ex. 3 to Mot. to Revoke at RJN 279-509 (ECF No. 25-3 at 17-231).) Plaintiff alleged his juvenile record and some aspects of his adult criminal record had been ordered stricken by a court and could not be considered by the BPH. According to plaintiff, defendant Armstrong, in violation of this court order, provided the Governor with plaintiff's juvenile records and the deleted portions of his adult record to give the Governor a basis to rescind plaintiff's parole grant, which he did. Plaintiff sought an order disbarring Armstrong, reversal of the Governor's rescission of plaintiff's parole, damages for his "false imprisonment," and punitive damages.

In dismissing plaintiff's complaint with prejudice, the district court made the following holdings: (1) to the extent plaintiff's claims sought annulment of the Governor's reversal of the parole suitability finding, plaintiff needed to pursue those claims in a habeas case under Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); (2) plaintiff's civil rights claims were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); (3) defendant Armstrong had "absolute prosecutorial immunity from damages liability in his individual capacity; (4) defendant Armstrong had Eleventh Amendment immunity for claims for damages against him in his official capacity. (Id. at RJN 510-511; ECF 232-33.)

////

8

| | |
|---|---|
| 1 | **b.  Was this Dismissal a Strike?** |

2  As discussed above, the dismissals based on immunity do not qualify as strikes.

3  However, if the court's dismissals based on Preiser and Heck encompassed the entire complaint

4  and fall within the provisions of §1915(g), then the court's dismissal of this action should qualify

5  as a strike.  The Ninth Circuit recently addressed the question of whether a Heck dismissal

6  qualifies as a strike.  The court in Washington held that a Heck dismissal does not categorically

7  count as a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),

8  and thus does not necessarily count as a strike under § 1915(g).  833 F.3d at 1055.  The

9  Washington court held that a Heck dismissal constitutes a Rule 12(b)(6) dismissal "when the

10  pleadings present an 'obvious bar to securing relief' under Heck."  Id. at 1056 (quoting

11  ASARCO, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014)).  The court clarified

12  that holding by explaining that this standard would apply to count as a strike only where the entire

13  action was dismissed for a qualifying reason under the PLRA.  Id. at 1055, 1057 (citing Andrews

14  v. Cervantes, 493 F.3d at 1054).

15  In Washington, the court considered whether one of plaintiff Washington's prior

16  proceedings constituted a strike under § 1915(g).  In that prior § 1983 proceeding, Washington

17  sought a "recall" of his allegedly unlawful sentence enhancement, essentially an injunction, and

18  damages for his additional year in prison based on the enhancement.  Id. at 1057.  The

19  Washington court found that the request for injunctive relief sounded in habeas.  Id.  A habeas

20  action is not a "civil action" within the purview of the PLRA and its dismissal does not trigger a

21  strike.  Id. (citing Andrews v. King, 398 F.3d at 1122-23).  Therefore, the dismissal of

22  Washington's prior suit did not amount to a strike because "the entire action was not dismissed

23  for one of the qualifying reasons enumerated by" § 1915(g).  Id.

24  Like the complaint considered in Washington, the complaint here also included injunctive

25  relief seeking reversal of the Governor's rescission of the parole suitability finding.  Further, the

26  district court specifically held that plaintiff's complaint sounded in habeas.  Accordingly, under

27  Washington, the dismissal of plaintiff's complaint in Von Staich v. Armstrong, No. 8:13-cv-

28  0675-UA-RNB (C.D. Cal.) based on Preiser and Heck does not qualify as a strike.

### 4. Dismissals Pursuant to Pre-filing Order

In In re Ivan Von Staich, No. 09-80084 (9th Cir.), the Ninth Circuit found a pre-filing order appropriate against plaintiff based on a finding that plaintiff's "practice of burdening this court with meritless litigation justifies careful oversight of [plaintiff's] future litigation in this court." (Ex. 5 to Mot. to Revoke at RJN 556-562 (ECF No. 25-3 at 278-284).) The pre-filing order required plaintiff to include in each new appeal or petition to the Ninth Circuit a copy of the district court order from which he is appealing, a short and plain statement of the basis for the appeal, and a statement that plaintiff had not previously appealed the order or raised the issue.

Defendant contends two appeals dismissed by the Ninth Circuit after review under the pre-filing order should count as strikes. In each case, the Ninth Circuit dismissed the appeal because it was "so insubstantial as to not warrant further review" with a citation to In re Thomas, 508 F.3d 1225 (9th Cir. 2007).[5] (Id. at RJN 563-565; ECF 285-287.) In Thomas, the Ninth Circuit set out the standards for determining when an appeal or petition has sufficient merit to proceed pursuant to a pre-filing order. The court held that it would preclude an appellant from proceeding "only when it is clear from the face of the appellant's pleadings that: (i) the appeal is patently insubstantial or clearly controlled by well settled precedent; or (ii) the facts presented are fanciful or in conflict with facts of which the court may take judicial notice." 508 F.3d at 1226. This latter standard has been described as "factual frivolousness" by the Ninth Circuit. Molski v. Evergreen Dynasty Corp., 521 F.3d 1215, 1218 (9th Cir. 2008) (citing Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

This court should not consider the Ninth Circuit's dismissals of the two cases pursuant to the pre-filing order to constitute strikes. Both cases were appeals from the denial of habeas petitions. (Exs. 6 & 7 to Mot. to Revoke (ECF No. 25-3 at 288-351).) A habeas action is not a "civil action" within the purview of the PLRA and its dismissal does not trigger a strike.

---

[5] The cases appear in the Ninth Circuit's docket with the case number assigned the original pre-filing order, No. 09-80084. The first case was an appeal from Northern District of California case no. CV-080848-PJH. The second was an appeal from Central District of California case no. CV-12-1050-DDP. Defendant provides information about a third case but concedes that it may not be counted as a strike because the Ninth Circuit denied the appeal in May 2016, after plaintiff filed the present action.

10

Washington, 833 F.3d at 1057 (citing Andrews v. King, 398 F.3d at 1122-23). Accordingly, this court finds the Ninth Circuit's dismissal of plaintiff's appeals from district court case nos. CV-080848-PJH and CV-12-1050-DDP do not constitute strikes under §1915(g).

**B. Conclusion re Motion to Revoke IFP**

This court finds that only one of the dismissals of the five cases cited by defendants qualifies as a strike under § 1915(g). Because plaintiff must have suffered three strikes to lose his IFP status, this court recommends denial of defendants' motion to revoke plaintiff's IFP status.

## MOTION TO DISMISS

Defendants also move to dismiss plaintiff's first amended complaint on the grounds that he fails to state claims for injunctive relief against the BPH commissioner and a deputy commissioner. Defendants rely solely on the decision of the Central District in Von Staich v. Atwood, No. 2:11-cv-1112-DDP-RNB (C.D. Cal.) as authority. (See Ex. 1 to Mtn. to Revoke at RJN 7-120 (ECF No. 25-2 at 2-115).) As described above, in Von Staich v. Atwood plaintiff sought relief against defendant Richard Atwood, a psychologist with the Board of Prison Hearings. Plaintiff alleged Atwood violated his due process rights when Atwood conducted a future risk assessment of plaintiff without authority to do so and when Atwood made unsupported factual assumptions in determining plaintiff was a "moderate to high" risk if released on parole. Plaintiff sought a declaration that Atwood deliberately violated his due process rights, an injunction preventing the BPH from considering the psychological report authored by Atwood at plaintiff's upcoming parole hearings and removing it from plaintiff's prison files, an order referring Atwood to the district attorney's office for criminal prosecution, an order referring Atwood to the state licensing board for violation of state laws, and compensatory and punitive damages. (Id. at RJN 32-34; ECF 27-29.)

A magistrate judge found plaintiff failed to state a claim for monetary damages against Atwood in his official capacity, that Atwood had quasi-judicial immunity from damages liability in his individual capacity, and that plaintiff failed to state a claim for injunctive relief against Atwood. (Id. at RJN 124-126; ECF 119-121.) The magistrate judge recommend dismissal of the action, noting that even if plaintiff were to add the BPH as a defendant, he would also be unable

11

to state a claim for injunctive relief against it because the BPH is protected by the Eleventh Amendment and because due process requires only that the BPH provide minimal due process protections. (Id. at RJN 126 n.2; ECF 121 n.2 (citing Swarthout v. Cooke, 562 U.S. 216, 219-221 (2011).)

Defendants contend, without citation to authority, that injunctive relief against the commissioner and deputy commissioner of the BPH should fail for the same reasons it failed against a BPH mental health professional – because they "lack[] the authority to dictate to the Board of Parole Hearings what evidence it may or may not consider." (See id. at RJN 126 n.2; ECF 121 n.2.) This court does not find that comparison apt. While it may be without question that a BPH mental health professional does not dictate what evidence may be considered at a parole hearing, it seems likely that a BPH commissioner could. Absent some sort of authority supporting defendants' statement, this court does not recommend dismissal of plaintiff's claims on this ground.

Defendants second ground has more support. The Court in Swarthout did severely limit federal court review of state parole board hearings. The Court started by acknowledging the proposition that, as held by the Ninth Circuit, California law creates a liberty interest in parole protected by the Due Process Clause, which is reasonable, and requires fair procedures. Swarthout, 562 U.S. at 219–20. However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979). Id. at 220–21. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.
>
> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard

12

| | and was provided a statement of the reasons why parole was denied. |
|---|---|

Id. at 220 (citations omitted). The Court concluded that the petitioners had received the process that was due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.
>
> . . .
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Id. The Court in Swarthout expressly found that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause, but is only a matter of state law. Id. at 220–22.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). In the present case, plaintiff alleges, among other things, that the BPH considered information that plaintiff was not permitted to rebut. Defendant does not explain why that allegation is not sufficient to state a claim that the plaintiff did not receive due process at the BPH hearing. The court finds the allegation is sufficient, at this juncture, to establish a potentially cognizable claim for relief.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' Motion to Revoke Plaintiff's IFP Status (ECF No. 25) be denied; and

2. Defendants' Motion to Dismiss (ECF No. 25) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 7, 2017

Dated: June 7, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/stai1182.revoke ifp