UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VON STAICH,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFFREY FERGUSON, et al.,<br><br>        Defendants. | No. 2:15-cv-1182 JAM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis ("IFP") with a civil rights action under 42 U.S.C. § 1983. Plaintiff contends defendants violated his due process rights at a parole suitability hearing. Before the court are plaintiff's motions for sanctions, for summary adjudication, and for judicial notice.[1] For the reasons set forth below, the undersigned recommends that each motion be denied.

**BACKGROUND**

Plaintiff initiated this action on June 1, 2015 with a complaint in which he alleged the California Board of Parole Hearings ("BPH") violated his due process rights at a 2013 parole hearing. (ECF No. 1.) On April 8, 2016, plaintiff filed an amended complaint. (ECF No. 8.) Plaintiff contends that in 2012 "Top BPH Officials" found him suitable for parole. However, at

---

[1] Plaintiff also has a pending motion for injunctive relief. (ECF No. 40.) By separate order, the court grants defendants' motion for an extension of time to file an opposition to plaintiff's motion.

1

his 2013 parole hearing, the BPH considered improper information, including confidential information that he was not allowed to review, and denied him parole.

On screening, the court granted plaintiff's request for IFP status and found that plaintiff appeared to state a potentially cognizable claim for relief against defendants Ferguson and Fassnacht, commissioners with the BPH. (ECF No. 9.) On December 14, 2016, defendants moved to revoke plaintiff's IFP status. (ECF No. 25.) With that motion, defendants requested an extension of time to answer the amended complaint until after the motion to revoke is finally resolved by the court. The court granted that request. (ECF No. 26.) Defendants' answer to plaintiff's amended complaint will be due within thirty days of the district judge's ruling on defendants' motion to revoke.

On June 8, 2017, the undersigned issued findings and recommendations and recommended defendants' motion to revoke be denied. (ECF No. 35.) Defendants filed objections to the findings and recommendations on July 24, 2017. (ECF No. 39.)

On December 1, 2016, plaintiff moved the court to impose sanctions on defendants' attorney. (ECF No. 23.) On January 3 and July 5, 2017, plaintiff filed motions for summary judgment. (ECF Nos. 28, 38.) Plaintiff also filed a request for judicial notice with a supplemental brief in support of his January 3 summary judgment motion. (ECF No. 34.) Finally, on July 24, 2017, plaintiff filed a motion seeking injunctive relief. (ECF No. 40.) Plaintiff asks the court to intervene to prevent the BPH from considering certain evidence at his parole hearing, which is set for August 30, 2017.

**MOTION FOR SANCTIONS**

Plaintiff seeks the imposition of sanctions on defendants' attorney based on what he considers to be false statements in her declaration in support of defendants' motion for an extension of time to file a responsive pleading. (ECF No. 23.) The motion for an extension of time was based on the Declaration of Deputy Attorney General Leena M. Sheet. (See ECF No. 19 at 4-6.) Therein, Ms. Sheet stated that a response to the first amended complaint was time-consuming in part because she was examining plaintiff's many court filings to determine whether any may count as

////

2

"strikes" under 28 U.S.C. § 1915(g). Ms. Sheets stated that plaintiff has "filed more than 150 cases in state and federal court." (Id. at 4.)

Plaintiff argues that he has not filed 150 cases and Ms. Sheets should be sanctioned for making a false statement. (ECF No. 23.) Plaintiff also spends time arguing that he has not suffered three strikes under § 1915(g).

Plaintiff fails to show Ms. Sheets' statement is false. In fact, in Exhibit 10 to their motion to revoke plaintiff's IFP status, defendants present evidence showing that plaintiff has filed approximate 165 cases in the state and federal courts. (ECF No. 25-3 at 359-369.) Plaintiff's motion for sanctions is baseless and should be denied.

**MOTIONS FOR SUMMARY ADJUDICATION AND FOR JUDICIAL NOTICE**

In January and again in July 2017, plaintiff filed motions for summary adjudication. (ECF Nos. 28, 38.) Plaintiff also filed a supplemental brief in his motion for judicial notice. (ECF No. 34.) Federal Rule of Civil Procedure 56 contemplates that, prior to filing a motion for summary judgment, the opposing party should have a sufficient opportunity to discover information essential to its position. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In other words, the case must be sufficiently advanced in terms of pretrial discovery for the summary judgment target to know what evidence likely can be mustered and be afforded a reasonable opportunity to present such evidence. Portsmouth Square, Inc., v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

Defendants' answer to the complaint is not due until the district judge has ruled on the motion to revoke plaintiff's IFP status. Until such time as defendants have answered the complaint and had the opportunity to conduct discovery, plaintiff's motions are premature. Once defendants have filed an answer, a discovery order will be entered, and a deadline for the filing of dispositive motions will be set. Accordingly, plaintiff's motions for summary judgment, and the related motion for judicial notice, should be denied as premature.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for sanctions (ECF No. 23) be denied; and

////

2. Plaintiff's motions for summary adjudication (ECF Nos. 28, 38) and motion for judicial notice (ECF No. 34) be denied without prejudice as premature.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 15, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/vons1182.p mtns