UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VON STAICH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA BOARD OF PAROLE HEARINGS, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1182 JAM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff contends defendants Ferguson and Fassnacht violated his due process rights at a parole suitability hearing in 2013. Before the court is plaintiff's July 24, 2017 motion for injunctive relief. (ECF No. 40.) Plaintiff seeks an order preventing a scheduled parole suitability hearing from going forward, or, in the alternative, preventing the Board of Parole Hearings ("BPH") from considering certain information at the hearing. Defendants oppose the motion. (ECF No. 45.) For the reasons set forth below, the court will recommend plaintiff's motion be denied.

**BACKGROUND**

Plaintiff initiated this action on June 1, 2015 with a complaint in which he alleged the California Board of Parole Hearings ("BPH") violated his due process rights at a 2013 parole

1

hearing. (ECF No. 1.) On April 8, 2016, plaintiff filed an amended complaint. (ECF No. 8.) Plaintiff contends that in 2012 "Top BPH Officials" found him suitable for parole. However, at his 2013 parole hearing, the BPH considered improper information, including confidential information that he was not allowed to review, and denied him parole.

On screening, the court granted plaintiff's request for IFP status and found that plaintiff appeared to state a potentially cognizable claim for relief against defendants Ferguson and Fassnacht, commissioners with the BPH. (ECF No. 9.)

On December 14, 2016, defendants moved to revoke plaintiff's IFP status. (ECF No. 25.) With that motion, defendants requested an extension of time to answer the amended complaint until after the motion to revoke is finally resolved by the court. The court granted that request. (ECF No. 26.) Defendants' answer to plaintiff's amended complaint will be due within thirty days of the district judge's ruling on defendants' motion to revoke.

On June 8, 2017, the undersigned issued findings and recommendations and recommended defendants' motion to revoke be denied. (ECF No. 35.) Defendants filed objections to the findings and recommendations on July 24, 2017. (ECF No. 39.)

On December 1, 2016, plaintiff moved the court to impose sanctions on defendants' attorney. (ECF No. 23.) On January 3 and July 5, 2017, plaintiff filed motions for summary judgment. (ECF Nos. 28, 38.) Plaintiff also filed a request for judicial notice with a supplemental brief in support of his January 3 summary judgment motion. (ECF No. 34.) On July 24, 2017, plaintiff filed the present motion seeking injunctive relief. (ECF No. 40.) Plaintiff asks the court to intervene to prevent the BPH from considering certain evidence at his parole hearing, which is set for August 30, 2017, or to prevent the hearing from going forward.

On August 16, 2017, the undersigned recommended denial of plaintiff's motion for sanctions. (ECF No. 44.) This court further found plaintiff's motions for summary adjudication and the related motion for judicial notice to be premature and recommended their denial without prejudice.

////

////

2

**MOTION FOR INJUNCTIVE RELIEF**

Plaintiff seeks "emergency" "injunctive relief to enforce the 'status quo.'" (ECF No. 40.) Plaintiff claims the BPH intends to consider at the August 30 hearing several inappropriate pieces of information, including: (1) a 2017 psychologist's report which plaintiff contends was prepared in retaliation for plaintiff bringing this suit; (2) plaintiff's "'court-ordered' stricken juvenile record;" (3) evidence that plaintiff is a gang member; (4) evidence that plaintiff sent a "somewhat threatening" letter to his wife in 1996. Primarily, plaintiff takes issue with the psychologist's report, a copy of which is attached to his motion. He asks the court to order the BPH to consider only a 2011 psychologist's report.

Defendants oppose the motion on multiple grounds. (ECF No. 45.) They note that they are no longer BPH commissioners and have no control over current BPH proceedings so injunctive relief against them is inappropriate. They also argue that plaintiff fails to show he will suffer irreparable harm and fails to show a likelihood of success on the merits.[1]

**I.     Legal Standards**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious

---

[1] Defendants further argue that plaintiff is required to bring his claims in a habeas, rather than a civil rights, action. The court need not consider those arguments in determining whether plaintiff's motion for injunctive relief should be denied. They are more appropriately considered in a motion to dismiss or for summary judgment.

3

questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. Preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claims . . . .").

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[2]

**II.     Analysis**

Plaintiff seeks to enjoin the current BPH from taking certain actions. Defendants have shown they are no longer commissioners with the BPH. (See Aug. 21, 2017 Decl. of J. Shaffer (ECF No. 45-1).) They have no authority over plaintiff's upcoming parole suitability proceedings.

---

[2] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

(Id.)  Accordingly, injunctive relief is not appropriate against these defendants and, because they are the only defendants in this case, is not appropriate in this case.  Further, plaintiff fails to show he will suffer irreparable harm if his BPH hearing goes forward.  If plaintiff feels his due process rights are violated at the August 30, 2017 parole suitability hearing, he may seek relief after that hearing.  Plaintiff is reminded, however, that this court's review of a proceeding of the BPH is limited.  Prisoners received due process where:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied. [. . .]  That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout v. Cooke, 562 U.S. 216, 220 (2011).

### III. Conclusion

Because plaintiff seeks injunctive relief against non-parties and because the court finds plaintiff will not be irreparably harmed if the August 30 parole suitability hearing goes forward, IT IS HEREBY RECOMMENDED that plaintiff's July 24, 2017 Motion for Injunctive Relief (ECF No. 40) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 28, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9

5