UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN VON STAICH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY FERGUSON, et al.,<br><br>　　　　Defendants. | No. 2:15-cv-1182 JAM DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. Plaintiff contends defendants Ferguson and Fassnacht violated his due process rights at a parole suitability hearing in 2013. Before the court are defendants' motion to dismiss and multiple motions filed by plaintiff. For the reasons set forth below, the court denies or recommends denial of each of plaintiff's motions and recommends defendants' motion to dismiss be granted.

**BACKGROUND**

Plaintiff initiated this action on June 1, 2015 by filing a complaint in which he alleged the California Board of Parole Hearings ("BPH") violated his due process rights at a 2013 parole hearing. (ECF No. 1.) On April 8, 2016, plaintiff filed an amended complaint ("FAC"). (ECF No. 8.) Plaintiff contends that in 2012 "Top BPH Officials" found him suitable for parole. However, at his 2013 parole hearing, the BPH considered improper information, including

confidential information that he was not allowed to review, and denied him parole. Plaintiff seeks injunctive relief. He asks the court to order a new parole hearing, prevent the BPH from relying on previously stricken records in subsequent parole hearings, remove his juvenile criminal record from all BPH files, and provide him access to any confidential records considered at future BPH hearings. Plaintiff also seeks declaratory relief. (FAC (ECF No. 8) at 25-26.)

On screening, the court granted plaintiff's request for IFP status and found that plaintiff appeared to state a potentially cognizable claim for relief under 42 U.S.C. § 1983 against defendants Ferguson and Fassnacht, commissioners with the BPH. (ECF No. 9.)

On December 14, 2016, defendants moved to revoke plaintiff's IFP status. (ECF No. 25.) The court denied that motion. (ECF Nos. 35, 48.)

In late 2016 and in 2017, plaintiff filed numerous motions including motions for injunctive relief and summary judgment. The court denied each motion. (See ECF Nos. 44, 46, 49.)

Since the beginning of this year, plaintiff has filed seven new motions and requests. They are: (1) Motion for Exclusion of Evidence (ECF No. 50); (2) Motion to Add Defendants (ECF No. 51); (3) Motion for Declaratory Relief (ECF No. 52); (4) Request for Trial by Telephonic Hearing (ECF No. 53); (5) Motion to Strike (ECF No. 55); (6) Motion to Substitute Defendants (ECF No. 57); and (7) Request for Entry of Default (ECF No. 58). On February 9, 2018, the Clerk denied entry of default. (See ECF No. 60.) The court addresses the remaining six motions below.

On January 19, 2018, defendants filed a motion to dismiss. (ECF No. 54.) Plaintiff opposes the motion (ECF No. 59) and defendants filed a reply (ECF No. 61).

**ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

Plaintiff alleges that on July 30, 2012, he was found suitable for parole by "Sacramento Top BPH Officials." (FAC (ECF No. 8) at 1.) Plaintiff attaches a letter to his FAC dated July 30, 2012 from the BPH's Decision Processing and Scheduling Unit. (Id. at 41.) That letter states that plaintiff's

////

2

> parole consideration hearing was conducted on September 14, 2011. Decision Review is completed and the final decision date of your hearing is January 12, 2012. The decision has been approved by the California Department of Corrections and Rehabilitation, Board of Parole Hearing.

Plaintiff also attaches the decision by Governor Brown in February 2012 to reverse a 2011 decision of the BPH granting parole. (Id. at 54-57.)

Plaintiff challenges a March 15, 2013 decision by the BPH to deny parole. Defendants are BPH Commissioner Jeffrey Ferguson and Deputy Commissioner Raquel Fassnacht. (Id.) Plaintiff alleges defendants violated his procedural due process rights at his BPH hearing by:

(1) considering unsupported and false information from his prison files that he is in a "motorcycle disruptive gang" (claim 1 - id. at 7);

(2) failing to follow California regulations requiring the BPH to find evidence substantiating the gang member identification (claim 2 - id. at 8-9);

(3) considering confidential information, that was not provided to plaintiff or his attorney, in the form of a declaration from one of plaintiff's victims (claim 3 - id. at 9-11);

(4) failing to provide plaintiff a "rescission hearing" based on the prior finding of parole suitability rather than conducting a new hearing (claims 4, 8 and 9 - id. at 11-15, 20-25);

(5) considering the Governor's February 2012 report, because it included plaintiff's prior acquittal of arson in violation of BPH regulations, federal law, and a prior court's 1986 order striking the arson charge from plaintiff's record (claims 5 and 6 - id. at 15-18); and

(6) considering the Governor's February 2012 report, because it included plaintiff's juvenile record which was stricken from his criminal record by a court order in 1986 (claim 7 - id. at 18-20).

Plaintiff seeks relief in the form of a new parole hearing, limitations on the evidence the BPH may consider at that hearing, the right to see any evidence considered by the BPH, and "other prospective declaratory or injunctive relief deemed appropriate." (Id. at 25-26.)

////

3

**PLAINTIFF'S MOTIONS**

In his Motion Requesting Exclusion of Evidence (ECF No. 50), plaintiff asks that the court "exclude all administrative parole hearings as evidence" in this § 1983 action, except for the transcript of the September 14, 2011 parole hearing and the Governor's final report, dated February 10, 2012. Plaintiff's motion is untethered to any specific submission of evidence in this case. Objections to evidence would only be appropriate if filed in response to evidence presented by defendants in support of, or in opposition to, a motion or in preparation for trial. Accordingly, plaintiff's Motion Requesting Exclusion of Evidence will be denied as unnecessary.

Plaintiff's "Motion Requesting <u>Declaratory</u> Relief" (ECF No. 52) is unnecessary because plaintiff's complaint already contains a request for declaratory relief. (<u>See</u> FAC (ECF No. 8) at 26.) It will be denied.

Plaintiff next seeks a "Trial by Telephonic Hearing." (ECF No. 53.) He requests a nonjury trial by telephone because he is a "disabled" and "elderly." When, and if, this case proceeds to trial, plaintiff will be permitted to make requests regarding the conduct of trial. At this point, his request is premature. It will be denied.

Plaintiff's three remaining motions, to add Governor Brown as a defendant (ECF No. 51), to strike defendants' request for judicial notice (ECF No. 56), and to substitute in current parole board members (ECF No. 57), are addressed below in the discussion of defendants' motion to dismiss.

**MOTION TO DISMISS**

Defendants argue that: (1) plaintiff's claims for injunctive relief are moot; (2) plaintiff fails to state a claim; (3) this case should proceed as a habeas case, rather than under § 1983; and (4) plaintiff's claims are barred because he has raised them in prior proceedings in this and other courts.

First, the court addresses defendants' contention that this case should have been brought as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (<u>See</u> ECF No. 54 at 12-13.) In making this argument, defendants largely ignore the Ninth Circuit en banc panel's decision in <u>Nettles v. Grounds</u>, 830 F.3d 922 (9th Cir. 2016). In <u>Nettles</u>, the court explained the limited

reach of habeas corpus actions. It held that where success on the merits of a prisoner's claim would not necessarily impact the fact or duration of his confinement, the claim would not fall within "the core of habeas corpus," and therefore is not appropriate in a habeas action. Nettles, 830 F.3d at 934–35.

In the present case, plaintiff seeks a new parole hearing in which certain evidence would not be considered. This relief would not necessarily affect the duration of plaintiff's confinement because it would not guarantee his release. See Gordon v. Premo, No. 6:16-cv-0108 SI, 2017 WL 5615168, at *2 (D. Or. Nov. 20, 2017) ("[B]ecause success in this action would result only in speedier parole consideration and not necessarily Petitioner's speedier release, the claim does not 'lie in the core of habeas corpus.'" (Citing Nettles, 830 F.3d at 934-35; Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)).) Therefore, this case is appropriately brought under § 1983. The court now turns to defendants' remaining arguments for dismissal of this action.

**I.      Legal Standards**

   **A.  Standard of Review on Motion to Dismiss**

Defendants argue they are moving to dismiss under both Rules 12(b)(1) (subject matter jurisdiction) and 12(b)(6) (failure to state a claim) of the Federal Rules of Civil Procedure.

   **1.  Rule 12(b)(1)**

Rule 12(b)(1) provides for dismissal of a complaint on the grounds that the court lacks subject-matter jurisdiction. A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Federal courts are courts of limited jurisdiction, and are presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002). Once subject matter jurisdiction has been challenged, the plaintiff bears the burden of establishing it. Kokkonen, 511 U.S. at 377.

////

"Rule 12(b)(1) jurisdictional challenges may be facial or factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). A facial attack is based on the challenger's assertion that allegations in the complaint are "insufficient on their face to invoke federal jurisdiction." Safe Air, 373 F.3d at 1039. A factual attack disputes the validity of allegations that, if true, would invoke federal jurisdiction. Id. In resolving a factual attack, the Court "need not presume the truthfulness of the plaintiffs' allegations." White, 227 F.3d at 1242. "[T]he district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air, 373 F.3d at 1039. This evidence includes "affidavits furnished by both parties." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id.

### 2. Rule 12(b)(6)

Rule 12(b)(6) provides for motions to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept as true the allegations of the complaint, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). A pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678.

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.

Gibson, 355 U.S. 41, 45-46 (1957)). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curium).

The court must give a pro se litigant leave to amend his complaint "unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. Of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may 'generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'" Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citing Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007)).

**II.  Analyses**

**A. Does this Court Lack Subject Matter Jurisdiction due to Mootness?**

Defendants argue that because they are no longer BPH officers, plaintiff's claims for injunctive relief are moot. Therefore, because there is no case or controversy under Article III, section 2 of the Constitution, the court lacks subject matter jurisdiction and the case should be dismissed under Rule 12(b)(1).

Before addressing defendants' argument, the court considers plaintiff's motion to substitute current BPH commissioners for those named in the complaint. (ECF No. 57.) In his motion, plaintiff seeks to substitute current BPH Commissioner Randy Grounds, Deputy Commissioner Tim O'Hara, and BPH Executive Officer Jennifer Shaffer, for the current defendants with respect to his official capacity claims against those defendants. Federal Rule of Civil Procedure 25(d)(1) provides in relevant part:

> When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party.

////

Defendants oppose plaintiff's motion. They argue that plaintiff is complaining about individual conduct of the defendants, "rather than any action taken while acting in the role of a representative public officer." (ECF No. 61 at 3-4.) Defendants' position is puzzling. Plaintiff is complaining about information relied on by BPH commissioners to find him unsuitable for parole. It is hard to fathom how those actions of defendants are not official conduct and defendants do nothing to explain their position. Further, under defendants' view, a prisoner would rarely be able to seek prospective injunctive relief against the BPH. Commissioners serve three-year terms. See Cal. Penal Code § 5075(b)(1). Civil litigation in this court frequently takes far longer.

This case is an example of the extensive time it may take civil litigation to come to resolution here.[1] Plaintiff filed his original complaint here in June 2015, three years ago. If substitution of current board commissioners was not possible to effect injunctive relief, plaintiff would be without a remedy.[2] Defendants do not assert that this court may never enjoin BPH commissioners in an action such as this. Accordingly, the court finds substitution of defendants with current BPH commissioners Grounds and O'Hara appropriate for plaintiff's official capacity claims. See Gilman v. Perez, No. CIV S-05-0830 LKK GGH P, 2006 WL 2091970, at *2 (E.D. Cal. July 26, 2006) (court substitutes current parole commissioners in § 1983 action seeking to enjoin parole commissioners from relying on certain evidence). However, Rule 25(d) contemplates substitution of a public officer with that officer's successor only. Because BPH Executive Officer Shaffer is not a successor to the current defendants, the court should not include her in this action.

---

[1] It should be noted that one of the primary reasons for delays in civil litigation in this court is the court's overburdened docket. See Mayorga v. Eslick, No. 1:14-cv-0099 LJO SKO (PC), 2014 WL 806959, at *2 (E.D. Cal. Feb. 28, 2014) (Eastern District of California is "laboring under one of the heaviest caseloads per judge in the nation").

[2] The court recognizes that it found plaintiff's motion for preliminary injunctive relief inappropriate in part because defendants were no longer BPH commissioners. (See Aug. 29, 2017 Order (ECF No. 46) at 4-5.) That part of the court's ruling was likely in error because Rule 25 requires "automatic" replacement of prior officeholders with new officeholders. However, the court's denial of injunctive relief was also based on plaintiff's failure "to show he will suffer irreparable harm if his BPH hearing goes forward." (Id. at 5.)

The court will also recommend denial of plaintiff's motion to add Governor Brown as a defendant. Plaintiff argues that Brown is appropriately a defendant in this matter because he is the "Supervisor and Overseer" of the BPH. (See ECF No. 51 at 6.) He is not, however, a successor to the current defendants and, therefore, may only be added by amending the complaint, which plaintiff has not proposed doing. Further, amendment would be futile. It is clear from plaintiff's motion that he seeks to add Governor Brown to assert claims against him based on his denial of parole in February 2012. As set out by a Judge Standish recently, those claims have already been litigated numerous times in numerous courts and will not be permitted here. (See Aug. 30, 2017 Rep. and Reco. in Von Staich v. Valenzuela, No. SACV 15-2079-DDP (GJS) (C.D. Cal.) (ECF No. 55-5).[3])

Returning to defendant's assertion that plaintiff's claims for injunctive relief are moot, that argument is based on the fact the current defendants are no longer BPH commissioners. Because the court finds substitution of the official capacity claims against the defendants with current BPH commissioners appropriate, plaintiff's claims for injunctive relief are not moot. Therefore, there is no basis for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).

**B. Failure to State a Claim**

Defendants' next argument is that plaintiff fails to state a due process claim because he fails to allege that he was not provided adequate procedural protections at his March 2013 BPH hearing.

**1. Legal Standards for Due Process Claim**

Defendants are correct that the United States Supreme Court severely limited federal court review of state parole board hearings in Swarthout v. Cooke, 562 U.S. 216 (2011). The Court

---

[3] The court will grant defendants' Request for Judicial Notice (ECF No. 55) and deny plaintiff's Motion to Strike the Request for Judicial Notice (ECF No. 56). Defendants ask the court to consider records from some of plaintiff's other court cases, including this ruling by Judge Standish. A court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201 without converting a motion to dismiss into a motion for summary judgment. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986); see also Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001).

started by acknowledging that California law creates a liberty interest in parole protected by the Due Process Clause, which is reasonable, and requires fair procedures. Swarthout, 562 U.S. at 219–20. However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 12 (1979). Id. at 220–21. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.
>
> When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.

Id. at 220 (citations omitted). The Court concluded that the petitioners had received the process that was due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied.
>
> . . .
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Id. The Court in Swarthout expressly found that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause, but is only a matter of state law. Id. at 220–22.

### 2. Analysis

The gist of plaintiff's claims is that BPH commissioners violated plaintiff's due process rights by considering improper evidence at the March 2013 parole hearing. The challenged evidence is: a record in plaintiff's prison file that he states falsely identifies him as a gang

10

1  member; plaintiff's juvenile record, which plaintiff contends was stricken from consideration;
2  plaintiff's arson charge, for which he was acquitted; and a confidential statement, which plaintiff
3  was not permitted to see, from one of plaintiff's victims.  Plaintiff also argues the BPH failed to
4  follow several aspects of state law in rendering its decision.

5  Defendants argue that the uncontested record in this case shows that plaintiff was
6  provided an opportunity to be heard and a statement of reasons for his parole denial.  According
7  to defendants, plaintiff has no liberty interest in the information considered by the BPH.

8  The court first addresses whether plaintiff has stated cognizable grounds for relief under §
9  1983 in claims 2, 4, 8, and 9, in which he alleges the BPH failed to comply with state law.
10 Specifically, plaintiff alleges the BPH violated his due process rights when it:  (1) failed to follow
11 California regulations requiring the BPH to substantiate the prison's apparent identification of
12 him as a gang member (claim 2 – ECF No. 8 at 8-9); and (2) failed to provide plaintiff a
13 "rescission hearing" based on the 2011 or 2012[4] finding of parole suitability rather than
14 conducting a new hearing (claims 4, 8, and 9 – ECF No. 8 at 11-15, 20-25).

15 These claims provide no basis for federal habeas relief.  The interpretation and application
16 of state statutes and state regulations regarding California's parole system present only matters of
17 state law not cognizable in this federal habeas proceeding.  See Swarthout, 562 U.S. at 221
18 ("[T]he responsibility for assuring that the constitutionally adequate procedures governing
19 California's parole system are properly applied rests with California courts, and is no part of the
20 [federal court's] business."); Roberts v. Hartley, 640 F.3d 1042, 1047 (9th Cir. 2011) (federal
21 habeas court is not authorized "to reevaluate California's application of its rules for determining
22 parole eligibility"); Chan v. Kane, 272 F. App'x 632, 633-34 (9th Cir. 2008) ("Chan's contentions
23 ////

---

[4] The court notes that plaintiff appears to be arguing that the BPH conducted another parole suitability proceeding in 2012 at which he was, again, found suitable for parole. (See FAC (ECF No. 8) at 1.) As explained by Judge Standish, the July 30, 2012 letter does not show that the BPH found plaintiff suitable for parole in 2012. Rather, the letter simply informed plaintiff of the September 2011 decision by the BPH and that the decision was "final" on January 12, 2012. (See ECF No. 55-5 at 13.)  This BPH decision is the one Governor Brown overturned in February 2012.

that the Board's decision violated California parole law are questions of state law that we will not review here").

Plaintiff's claims 1, 5, 6, and 7 allege that the BPH considered inappropriate information in finding him unsuitable for parole in March 2013. Plaintiff alleges the BPH considered false evidence from his prison files that he was a gang member (claim 1 – ECF No. 8 at 7) and, by considering the Governor's February 2012 report, considered plaintiff's acquittal of arson charges (claims 5 and 6 – ECF No. 8 at 15-18) and plaintiff's juvenile record (claim 7 – ECF No. 8 at 18-20). These claims implicate only the reliability and propriety of the evidence to support the Board's decision. Regardless of whether the Board erred in the evidence it considered as the basis for its opinion, federal habeas relief is unavailable. See Swarthout, 562 U.S. at 220–22. With the exception of the confidential information plaintiff alleges the board reviewed, plaintiff does not contend that he did not have an opportunity to be heard on the other evidence considered by the Board. Under Swarthout, this court may not consider the substance of the Board's decision, including whether or not it considered evidence that it should not have had access to under state law. So long as the Board gave plaintiff an opportunity to respond, the procedural due process protections were met. See Herrera v. Long, No. 1:16-cv-0091 MJS HC, 2016 WL 282701, at *2 (E.D. Cal. Jan. 25, 2016) (Board's reliance on "false" evidence does not state a claim so long as plaintiff had a "right to access his records in advance and to speak at the parole hearing to contest the evidence presented." ).

Finally, plaintiff alleges in claim 3, that the BPH considered confidential information in denying him parole that it did not provide to plaintiff or his attorney. (ECF No. 8 at 9-11.) Greenholtz makes clear that the Board need not specify or share the evidence it has used to make its determination, and so plaintiff's claim regarding the Board's use of confidential information lack merit. Due process does not require that the state's procedures produce the result the evidence required, nor that the Board disclose the information on which it relied. Rather, due process requires only that plaintiff had an opportunity to be heard and that he was provided with a statement of reasons parole was denied. To the extent plaintiff alleges the Board did not follow state law requirements for the consideration of confidential information, violations of state law

are not remediable on federal habeas review, even if state law were erroneously applied or interpreted. Swarthout, 562 U.S. at 220-21. Other courts have held that the BPH's consideration of confidential information which was not provided to the prisoner fails to state a procedural due process claim. See, e.g., Michal v. Borders, No. CV 17-7234 DOC (RAO), 2017 WL 6942434, at *2 (C.D. Cal. Dec. 11, 2017), rep. and reco. adopted, 2018 WL 400746 (C.D. Cal. Jan. 11, 2018); Ward v. Price, No. 2:16-cv-1406 JAM KJN P, 2017 WL 1354569, at *4 (E.D. Cal. Apr. 13, 2017); Wilson v. Sherman, No. 1:14-cv-1931 MJS HC, 2014 WL 7157645, at *2 (E.D. Cal. Dec. 15, 2014); Dunn v. Gonzales, No. CV 13-2628 GHK (FFM), 2014 WL 1333720, at *2 (C.D. Cal. Apr. 3, 2014). Cf. Urenda v. Hatton, No. 16-cv-2650-WHO (PR), 2017 WL 2335375, at *2-3 (N.D. Cal. May 30, 2017) (on habeas, court finds that state court's rejection of due process claim regarding BPH's consideration of confidential information was reasonable); Maney v. Persson, No. 6:15-cv-0259-JE, 2017 WL 1828444, at *2 (D. Or. Mar. 24, 2017) (same), rep. and reco. adopted, 2017 WL 1827703 (D. Or. May 5, 2017).

The court finds plaintiff's first amended complaint fails to state any claims cognizable under § 1983. Based on this finding, the court need not address defendants' final argument that plaintiff's claims have been raised multiple times previously. The court notes that defendants do not specifically argue that any of plaintiff's claims are barred by the doctrine of issue preclusion. Rather, defendants simply argue that "court records amply confirm that Plaintiff raised the same due process claims he raises here in his prior actions, and he should be barred from continuing his harassing litigation." (ECF No. 54 at 25.)

## CONCLUSION

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (Citing

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

As described above, plaintiff has had numerous opportunities in numerous venues to raise the claims he raises here. After the Supreme Court's decision in Swarthout, this court's consideration of state parole proceedings is extremely limited. The court finds any further attempts by plaintiff to state a claim would be futile. Therefore, this court will recommend dismissal of this action for failure to state a claim.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion Requesting Exclusion of Evidence (ECF No. 50) is denied as unnecessary;
2. Plaintiff's Motion for Declaratory Relief (ECF No. 52) is denied as unnecessary;
3. Plaintiff's Request for Trial by Telephonic Hearing (ECF No. 53) is denied as premature;
4. Defendants' Request for Judicial Notice (ECF No. 55) is granted; and
5. Plaintiff's Motion to Strike the Request for Judicial Notice (ECF No. 56) is denied.

Further, IT IS RECOMMENDED that:

1. Plaintiff's motion to add the Governor as a defendant (ECF No. 51) be denied;
2. Plaintiff's Motion for Substitutions on the Parole Board (ECF No. 57) be granted with respect to BPH Commissioner Randy Grounds and Deputy Commissioner Tim O'Hara, and denied with respect to BPH Executive Officer Jennifer Shaffer.
3. Defendants' Motion to Dismiss (ECF No. 54) be granted on the grounds that plaintiff has failed to state a claim under 42 U.S.C. § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

////

specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 3, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/vons1182.mtd2 fr

15